**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEBRA IRENE THOMAS CARRUTHERS,<br><br>*Plaintiff*,<br><br>v.<br><br>TRANSPORTATION SECURITY ADMINISTRATION,<br><br>*Defendant*. | No. 25-cv-01763 (DLF) |

**MEMORANDUM OPINION**

Debra Irene Thomas Carruthers, proceeding *pro se*, brings this action against the Transportation Security Administration (TSA), alleging that a TSA officer injured her during a pat-down screening. Before the Court is TSA's Motion to Dismiss, Dkt. 9. For the reasons that follow, the Court will grant the motion and dismiss this action.

## I. BACKGROUND

On June 5, 2024, Carruthers flew from Ronald Reagan Washington National Airport in Virginia to Chicago Midway International Airport in Illinois. Compl. Ex., at 2, Dkt. 1-1. As part of the security process at Reagan, Carruthers underwent a pat-down screening conducted by TSA Officer Charita Mills. *See id.* Although Mills initially "follow[ed] procedure," she proceeded to "gra[b]" Carruthers's "vaginal area" with her index finger and "jer[k]" her finger toward her. *Id.* The action "caused [Carruthers] great pain." *Id.* Carruthers reported the incident to a supervising officer but ultimately had to leave the security area to board her flight. *Id.* She later underwent pelvic floor physical therapy for injuries caused by the screening. *See* Compl. 4, Dkt. 1.

On June 4, 2025, Carruthers filed suit in this Court, seeking $80,000 in damages for her "pain and discomfort." *Id.* TSA has moved to dismiss her complaint for lack of jurisdiction and failure to state a claim. *See* Mot. to Dismiss 1, Dkt. 9. In the alternative, TSA has asked the Court to transfer the case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). *Id.*

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim over which the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When ruling on a Rule 12(b)(1) motion, the Court "must treat the complaint's factual allegations as true and afford the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Han v. Lynch*, 223 F. Supp. 3d 95, 103 (D.D.C. 2016) (citation modified). At the same time, the plaintiff bears the burden of establishing subject matter jurisdiction. *See Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015); *see also* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."). "While complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, even a *pro se* plaintiff bears the burden of establishing that the Court has subject matter jurisdiction." *Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010) (citation modified). If the Court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## III. ANALYSIS

The Federal Tort Claims Act (FTCA) provides a limited waiver of sovereign immunity for certain tort claims against the United States. *See* 28 U.S.C. § 2674. That waiver, however, is subject to limits. Three limitations bar Carruthers's suit here.

First, before bringing a tort claim under the FTCA, a plaintiff must exhaust available administrative remedies by "present[ing]" her claim "to the appropriate Federal agency." *Id.* § 2675(a). Administrative exhaustion occurs when the agency issues a final written denial or remains unresponsive for six months. *Id.* The D.C. Circuit has "treated the FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action as jurisdictional." *Simpkins v. District of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997); *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Carruthers has not pleaded facts sufficient to demonstrate administrative exhaustion here. *See* Fed. R. Civ. P. 8(a)(1). Nor has she responded to TSA's argument that she failed to exhaust her administrative remedies. *See* Mem. in Supp. of Mot. to Dismiss 4–5, Dkt. 9-1. As such, the Court lacks subject matter jurisdiction over her claims. *See Colbert v. USPS*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011).

Second, the FTCA separately claws back sovereign immunity for a subset of intentional torts, including for "[a]ny claim arising out of" assault or battery. *See* 28 U.S.C. § 2680(h). As currently pleaded, Carruthers's allegations fall squarely within those exceptions. Accordingly, sovereign immunity bars her claims.

Third, Carruthers has sued the wrong defendant. The United States is the only proper defendant in an FTCA action. *See id.* §§ 1346(b), 2679; *Johnson v. Veterans Affs. Med. Ctr.*, 133 F. Supp. 3d 10, 16–17 (D.D.C. 2015). Here, Carruthers has sued an agency, not the United States. *See Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C. 2016) ("[A] plaintiff may not bring tort claims against federal officials in their official capacities or against federal agencies."). "Failure to name the United States as the defendant in an FTCA action requires dismissal for lack of subject-matter jurisdiction." *Johnson*, 133 F. Supp. 3d at 17.

For each of these reasons, the Court lacks subject matter jurisdiction over Carruthers's suit. Accordingly, the Court will dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

Finally, the Court notes that Carruthers has represented in filings that she has had difficulty litigating this case *pro se*. *See, e.g.*, Mot. for Extension of Time 1, Dkt. 10. To the extent that Carruthers requests that the Court appoint counsel to represent her, the Court declines to do so. "The law is well established that there is no constitutional right to appointment of counsel in a civil case, and no indigent civil litigant is guaranteed counsel." *Brown v. Child.'s Nat'l Med. Ctr.*, 773 F. Supp. 2d 125, 140 (D.D.C. 2011) (citation modified). In deciding whether to appoint counsel for a *pro se* litigant proceeding *in forma pauperis*, the Court considers, among other factors, the "[p]otential merit of the *pro se* party's claims." Local Civil Rule 83.11(b)(3)(ii). Given the deficiencies in subject matter jurisdiction outlined above—and, in particular, the fact that Carruthers's claims appear to fall within the FTCA's exception for intentional torts—the Court concludes that it is not appropriate to appoint counsel in this case.

## CONCLUSION

For the foregoing reasons, the Court grants the defendant's Motion to Dismiss, Dkt. 9. A separate order consistent with this decision accompanies this memorandum opinion.

Dabney L. Friedrich

DABNEY L. FRIEDRICH
United States District Judge

August 31, 2026